UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FELIPE DE JESUS MENDOZA,

Plaintiff,

v.

M. GARCIA-COTA, et al.,

Defendants.

No. 1:25-cv-02042-KES-SAB (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 15)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On June 3, 2026, the Court issued screened Plaintiff's complaint and found Plaintiff stated a cognizable claim against Defendants M. Garcia-Cota and Krahn for excessive force in violation of the Eighth Amendment. (ECF No. 14.) The Court also found Plaintiff had failed to allege any other cognizable claim against any other named Defendant. (Id.) Plaintiff was ordered, within 21 days of the date of service of the order, to elect one of the following options: (1) to notify the Court in writing that he did not wish to file an amended complaint and was willing to proceed only on the Eighth Amendment excessive force claim, and dismiss all other claims and Defendants; or (2) to file an amended complaint curing the deficiencies identified by the Court in

the screening order. (Id.) Plaintiff failed to respond to the Court's order. Therefore, on July 13, 2026, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order. (ECF No. 15.) Plaintiff has failed to file a response to the order to show cause and the time to do so has expired.

## II.

## DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, Plaintiff has failed to respond to the Court's screening order, and he has not filed a notice to proceed on the claim identified as cognizable in the screening order or filed an amended complaint. In addition, Plaintiff has failed to respond to the order to show cause why the action

should not be dismissed. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Carey, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Here, while no Defendant has appeared in this action, the case has been pending since November 2025. This matter can proceed no further without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. Carey, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped complying with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. Carey, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262. Here, the screening order included the following warning: "Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order." (ECF No. 14 at 10.) In addition, the Court's order to show cause advised: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order." (ECF No. 15.) Therefore, Plaintiff has had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions — weighs in favor of dismissal. Ferdik, 963 F.2d at 1262;

Carey, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## III.

## CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge